**FIELDS v. HANNEGAN, Postmaster General.**

**No. 9257.**

United States Court of Appeals District of Columbia.

Argued March 6, 1947.

Decided June 2, 1947.

18

Mr. Otho D. Branson, of Washington, D. C., for appellant.

Mrs. Grace B. Stiles, Assistant United States Attorney, of Washington D. C., with whom Messrs. George Morris Fay, United States Attorney, Daniel B. Maher, Assistant United States Attorney, and Sidney S. Sachs, Assistant United States Attorney, all of Washington, D. C., were on the brief, for appellee. Mr. Edward M. Curran, United States Attorney, of Washington, D. C., at the time the record was filed, also entered an appearance for appellee.

Before STEPHENS, EDGERTON, and WILBUR K. MILLER, Associate Justices.

PER CURIAM.

■ This appeal is from a summary judgment in favor of the Postmaster General in a suit brought by appellant to enjoin enforcement of a fraud order. The evidence before the Postmaster General supports his finding of fraud. Since there was no other question before the court the summary judgment was right.

Appellant sent through the mails representations like these: "Scripture Spreading The Light of Jesus Christ Scripture Peace Money Good Success Enjoy Money Quick Success Better Joy., He Conquer all Heal all Sickness Without enemies Mysterious Power. Medicine Love Everlasting"; "Thousands of men and women, ill or unhappy last month at this time, have solved their problems, and are now enjoying peace, power and plenty. So why continue suffer need?"; "scientific product"; "Give freely and you shall receive a bountiful blessing freely, Service." Readers were asked to send $2, $4, or more, and many did. In return they received only a paper or cardboard "emblem," an oil chosen for its scent, and typewritten references to the Bible.

Appellant admitted in the Post Office proceeding that his " 'method' is only the sale of merchandise and writings on scripture." He explained that by "scientific product" he meant the Bible. He said it was not his "business to know or care anything about who may or may not understand * * * especially if and when they sign their name to my contract as aforesaid and send me their or my money." This admission of willingness to mislead would have supported the finding of fraud even if appellant's purpose to mislead had been otherwise less apparent than it was.

■ Appellant contends that his advertising is religious literature. It is not. Even if it were, the constitutional privilege which he claims would not follow. A religious ingredient is no better defense to a charge of fraud than to a charge of murder. And "the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Federal Trade Commision v. Standard Education Society, 302 U.S. 112, 116, 58 S.Ct. 113, 115, 82 L.Ed. 141.

Affirmed.