Leslie **HANDFORD**, by Phillip Handford, his next friend, Appellant (Plaintiff below),

v.

Steve **COLE**, a minor, Appellee (Defendant below),

and

John R. Cole (Defendant below).

No. 3272.

Supreme Court of Wyoming.

May 25, 1965.

Robert R. Rose, Jr., Casper, for appellant.

G. L. Spence, Riverton, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAŸ and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

As a motion to dismiss John R. Cole from the action was conceded, no further reference to him as a party-defendant will be made. Plaintiff sought damages from defendant alleging his negligent operation of a motor vehicle caused injury to plaintiff. Defendant denied and upon trial the jury was directed to return a verdict in favor of defendant, and judgment was entered in accordance with that verdict. Plaintiff appeals.

Plaintiff's evidence shows that defendant was driving east at between 20 to 30 miles per hour on an asphalt-paved, 30-foot-wide street which had a curb on the south side but no curb on the north side. It was dusk but dark enough so that defendant's car lights were on. It was damp as it had been raining that day, but the road was not particularly slippery. At the scene of the accident there was parked on the south side of the street a trailer house some 17 feet in length and 8 feet in width, which, as it was parked, extended about 9 feet from the curb to its farthest point into the street.

Approximately directly across the street and on its north side there were parked two automobiles. The one to the west was facing west and was parked close to and relatively parallel with the line where the curb would normally have been placed. The car to the east was parked so that it faced somewhat northwest and was in a slightly diagonal position with its front end at about where the north curb line would normally have been. While there was some initial confusion in some testimonies as to the exact dimensions of these three vehicles, the dimensions here noted correspond to clarifications later made, and they tend to show not only that at the accident area there was about 13 to 15 feet of street open to the defendant for travel, but that, because of the obstruction caused by the trailer house, it was necessary for defendant to drive his car close to if not slightly over and to the north of the center of the street in order to pass the trailer house. As defendant approached this area he had no view of plaintiff and first saw him when he was out in front of the left side of defendant's bumper; whereupon defendant slammed on his brakes, but unfortunately his car did not stop before the left center of the car's bumper struck the boy, after which the car passed partly over the child, and, according to the mother, there were tire marks upon his body, and the child was found underneath the automobile lying just in front of its right-rear wheel.

After the accident a spot on the street was identified as being the place where plaintiff lay after being struck and was shown on the single exhibit received in evidence to be southeast of the car which was parked diagonally on the north side of the street, and a skid mark was found near the center of the street and between and proximate to the parked vehicles. This skid mark was said to be made by the left-front wheel of defendant's car and to have extended about 20 feet from its beginning at a point which was possibly over the center and on defendant's own side of the street

to within one foot of the rear of defendant's car where it came to a stop facing slightly northeast, with its rear end about even with the rear end of the diagonally parked car on the north side of the street. The skid mark angled slightly to the north from its beginning and crossed over the unmarked center of the street to the place where it ended.

The defendant offered no evidence but moved for the directed verdict which was given by the court.

■■■ Thus the single question which is presented by this appeal is whether the plaintiff's evidence was sufficient as a matter of law to warrant a jury finding there was negligence on defendant's part in the manner in which he operated and was driving his automobile when the accident occurred.

It would strain reason to say that a person driving a car at a speed of between 20 to 30 miles an hour on a paved street which was "Not particularly" slippery, with lights on, when coming on to an area so obstructed by parked vehicles that in order to pass between them it was necessary to drive so close to the unmarked center of the street that it leaves in doubt whether or when his car passed over the exact center; seeing the young plaintiff for the first time in front of the bumper of his car; slamming on the brakes; and skidding his car some 20 feet before it stopped after the car had struck plaintiff, was guilty of negligence.

■■■ During both direct and cross-examination of plaintiff's witnesses, certain drawings were referred to and used by some witnesses who also imposed their markings upon them. None of the drawings or markings were to any exact scale. In fact, the testimony discloses some of the drawings were so grossly inexact and disproportionate as to be completely misleading, confusing, and at variance with the testimony being given relating thereto. Only one of those drawings was received in evidence, although some bear a sticker

marked an exhibit, while others have pencil markings indicating they are exhibits. It is not enough to merely say we have considered only the single exhibit received in evidence in our passing upon the question of whether there was sufficient evidence to go to the jury. Had this case gone to the jury without the instructed verdict, the garbled, misleading, and confusing evidence displayed by those drawings and the markings thereon which were, at least in part, made in the jury's presence could have been considered by it, and it would have been impossible upon an appeal to this court to know whether it was influenced by such matter which was not in evidence. Even had the court refused an offer to have these drawings received in evidence, as was the case in one instance, the minds of jurors would still be clouded by having witnessed false and misleading evidence. The practice indulged in is disapproved. It is suggested that more care be had before witnesses are permitted to characterize or illustrate their testimony by drawings or markings made in the presence of the jury. Such markings should never be permitted until after foundational identification has been made, followed by an offer and reception in evidence of the exhibit.

This court finding no error, the judgment of the district court is affirmed.

Affirmed.