**Jesse I. ANDERSON, as the Administrator of the Estate of Vance Brent Anderson, Deceased, and Jessie I. Anderson, as the personal representative for certain statutory beneficiaries and heirs, Plaintiffs-Appellants,**

v.

**Virgil Paul HARRIS, and Yellowstone Park Company, a corporation, Defendants-Appellees.**

**No. 71–1398.**

United States Court of Appeals, Tenth Circuit.

Feb. 14, 1972.

James A. McIntosh, Salt Lake City, Utah, for plaintiffs-appellants.

James L. Applegate, Hirst, Applegate & Dray, Cheyenne, Wyo., for defendants-appellees, and Byron Hirst.

Before LEWIS, Chief Judge, DOYLE, Circuit Judge, and WINNER, District Judge.

WINNER, District Judge.

This wrongful death action results from an auto-pedestrian accident near Gem Pool in Yellowstone National Park. After a three day trial to the court, the trial judge made findings of fact and concluded that defendant was not negligent and that plaintiff's decedent was

negligent. Appellant has shouldered the heavy burden of arguing that the trial judge's findings are not supported by the evidence. Undeniably, there is evidence in the record which would support a conclusion of negligence on the part of defendant and which might permit a conclusion that plaintiff's decedent was not negligent. But we are not charged with examining the record to see if other findings and conclusions could be supported; rather we search the record to see if the findings and conclusions of an experienced trial judge who saw and observed the witnesses (albeit much of this case was tried on deposition and answers to written interrogatories) are supported in the record.

Briefly, the facts are these. Vance Brent Anderson had a summer job at Yellowstone. He had worked there the preceding summer, and, upon his return in 1968, he and some companions went to Gem Pool. There was an improved parking area on the west side of the highway and an unimproved area on the east side. The group parked on the east side, and Anderson crossed the highway to go to Gem Pool. Defendant Harris, also a Park employee, was driving in a southerly direction on the highway, when his car struck and killed Anderson. The trial judge made these critical findings:

"That as the defendant Harris was driving in a southerly direction in Yellowstone Park, and as he approached the Gem Pool area, the deceased, Vance Brent Anderson, was running or jogging from west to east, and was proceeding from Gem Pool toward an automobile parked on the east side of the highway, said automobile being occupied by his companions. As defendant Harris approached the scene of the accident, said deceased ran or jogged from behind a clump of trees into the path of the oncoming Harris vehicle. When said deceased came into view at the edge of the highway, Harris immediately jammed on his brakes and sounded the horn on his vehicle. At this point in time, said deceased then looked in the direction of the Harris vehicle, stopped, and froze in his tracks and was struck by the Harris vehicle as it skidded along the highway.

"That the speed limit at the scene of the accident was 45 miles per hour. The speed of the Harris vehicle at the time of the accident was within the posted speed limit and was not excessive.

"That the defendant Harris was looking down the highway and at either side of the highway both before and at the time of the accident. It was not possible, however, for Harris to observe the deceased until he ran or jogged onto the highway from behind the clump of trees at the edge of the highway.

"That when defendant Harris saw the deceased it was too late to stop in time to avoid the accident and it was not possible for defendant Harris to avoid striking the deceased for the reasons that a turn to the right would have resulted in a collision with large rocks and trees on the side of the road, and a turn to the left would have resulted in a head-on collision with a motor vehicle coming from the opposite direction and driven by the witness Helm.

"That the deceased could have seen the Harris vehicle coming by looking through the clump of trees and by looking before he proceeded across the highway. If said deceased had looked he would have seen the Harris vehicle approaching in plenty of time for him to act in a manner which would have protected his own safety."

Appellant argues that almost none of these findings are supported in the record, and we consider his comments seriatim. Much of appellant's brief is directed towards the speed of the Harris vehicle, and he stresses testimony and road tests which could support a finding that Harris was speeding. The trial judge accepted the testimony of Harris that he was not speeding.

Appellant then argues that there is no evidence to support the finding that the driver was keeping a proper lookout; that Harris was negligent in not yielding the right of way to a pedestrian and that there was no evidence that Anderson was not looking. There is other evidence in the record to support the court's findings, but the answer to one interrogatory which was received in evidence takes care of appellant's contentions on these points. That answer is:

"As I approached the Gem Pool area I was watching my lane of traffic and both sides of the road. I noticed three or four boys on the left side of the road in the parking area. However, Anderson was not visible. When I was almost to the trees Anderson ran rapidly from behind some pine trees directly in front of my car. He was not looking or paying any attention where he was going. I immediately applied the brakes and slowed down. Anderson never seemed to notice me and made no effort to avoid my car and I couldn't avoid hitting him."

■ Even if we accept appellant's arguments that the evidence showed that Anderson was ordinarily a careful person and that in the absence of evidence to the contrary it is to be presumed that a pedestrian was not negligent, appellant is not helped here because there is affirmative evidence that Anderson was negligent.

Appellant says that the findings as to proximate cause and last clear chance are not supported in the record, but they are. The record shows:

"Anderson ran in front of my car very rapidly and from close to the highway. I couldn't avoid hitting him if I had been going 35 miles per hour or slower. If he had been looking and had seen me when I came upon the area near the roadway he could have stopped and avoided being struck. However, he ran out from behind the trees without looking and without slowing his speed and without paying any attention whatsoever to his own safety. There was no way I could

have avoided hitting him because of his own acts."

Additionally, there was testimony that the driver could not have turned off of the road to the right because of trees and rocks, and that he could not swerve to the left because of an approaching car. Moreover, it is doubted that the driver had time to do anything which could have avoided the collision.

■ We have not attempted to detail all of the testimony which supports the trial court's findings. Suffice it to say that all findings are supported by evidence in the record. Cases relied on by appellant are of no help to him when there is affirmative evidence in the record to support the Court's findings. Feltner v. Bishop (Wyo.1960) 348 P.2d 548, applied Wyoming law to a situation where a child darted in front of a car. It was there held that a driver is not required to do the impossible, and the trial court's judgment in favor of defendant was affirmed.

The lower court's findings and conclusions that Harris was not negligent and that Anderson was negligent are supported in the record.

Affirmed.