**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Ed LANGE, doing business as Sun West,**
**Defendant-Appellant (two cases).**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**COMMANDER ASSOCIATES, INC., doing business as DSI, Defendant-Appellant.**

**Nos. 26478, 26505 and 26621.**

United States Court of Appeals,
Ninth Circuit.

Sept. 5, 1972.

Peter J. Marx, Stanley Fleishman, Hollywood, Cal., for defendants-appellants.

Robert L. Meyer, U. S. Atty., David H. Anderson, Frederick M. Brosio, Jr., Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, HAMLEY and CHOY, Circuit Judges.

CHOY, Circuit Judge:

These three cases consolidated on appeal involve the procedures whereby dealers in erotic magazines and materials are ordered not to mail such literature to persons who deem them objectionable. Commander Associates, Inc. (Commander) and Ed Lange, doing business as Sun West, Inc. (Sun West), in one of the two cases against him (Sun West, Number One), appeal from summary judgments granted for the government, enforcing Post Office prohibitory orders. In the third case (Sun West, Number Two), Lange appeals from a judgment after trial to a district judge, which enforced similar orders. We affirm the summary judgment against Commander and the judgment against Lange in Sun West, Number Two, on all counts. In Sun West, Number One, we affirm the summary judgment on counts two, four and five and we reverse the other counts.

The statute under which appellants were sued is 39 U.S.C. § 4009, "whereby any householder may insulate himself from advertisements that offer for sale 'matter which the addressee in his sole discretion believes to be erotically arousing or sexually provocative.' 39 U.S.C. § 4009(a) . . . ." Rowan v. United States Post Office Dept., 397 U.S. 728, 730, 90 S.Ct. 1484, 1487, 25 L.Ed.2d 736 (1970). An individual who has received material in the mail, which he believes to be objectionable, may initiate the process by notifying the Post Office that he wishes his name removed from the mailing lists of a specific mailer.

The Post Office then issues a prohibitory order, specifying the name and address of the complainant. The order directs the mailer and his agents or assigns to refrain from making "any further mailings to the designated addressees" and to "delete immediately the names of the designated addressees from all mailing lists owned or controlled" by them. The order also prohibits the sale, rental or exchange of mailing lists which include the complainant's name. The order takes effect thirty days after service upon the mailer. 39 U.S.C. § 4009(c).

If the Post Office learns that the mailer sent a second mailing to the designated addressee after the effective date of the order, the Department notifies the mailer and informs him that he

has the right to request an administrative hearing on the matter. 39 U.S.C. § 4009(d). With or without a hearing, if the Post Office determines that a violation of the prohibitory order has occurred, it may request the Attorney General to seek judicial enforcement of the order. 39 U.S.C. § 4009(d). Finally, a third mailing in violation of the judicial decree may result in the exercise of the contempt power of the court. 39 U.S.C. § 4009(e).

In late 1968 and early 1969, several householders complained [1] pursuant to § 4009, that Commander and Sun West had mailed them material which each person determined to be "sexually provocative." There were nine complaints against Sun West, five of which make up Sun West, Number One and four of which are Sun West, Number Two. One complaint is the subject of the case against Commander.

The Post Office issued a prohibitory order for every complaint and served each on Commander and Sun West. Subsequently, the Post Office received further information that second mailings had been received by the complainants. The Post Office informed appellants of the alleged violations and of their right to an administrative hearing. Neither Commander nor Sun West asked for a hearing. The Post Office found that the orders had been violated and requested the Attorney General to seek judicial enforcement of the prohibitory orders.

In all three cases, the government moved for summary judgment based upon supporting documents contained in the administrative files of the Post Office. In Sun West, Number One and the case against Commander, the district judge granted summary judgment for the government. In Sun West, Number Two, the district judge denied summary judgment and at trial, the government's case was based entirely on the administrative files. Over objection by Sun West's counsel that the file contained inadmissible hearsay, the district judge admitted the file as a record prepared in the regular course of a business and rendered judgment for the government.

In all three appeals, Sun West and Commander raise issues which are substantially similar. However, because one of the appeals is from a judgment after trial, the shape of certain issues differs according to the procedural context. Where necessary, this distinction is noted and discussed.

Commander and Sun West attack § 4009 on several constitutional grounds, only two of which merit discussion. First, they argue that the statute is defective because it punishes conduct without requiring that the government prove that the offender knew of and intended to commit the prohibited act; i. e., the statute is defective because it does not require proof of scienter, and thus violates their First Amendment rights of free expression through the mails.

Section 4009 requires the government to prove that the prohibitory order was properly issued in response to a householder's complaint and that a second mailing was made after the grace period of thirty days from the date of service of the order. At this stage of judicial enforcement of the Post Office order, we are not dealing with a criminal sanction. The judicial decree is in the form of a prohibitory injunction, a remedy which is civil in nature.

Therefore, we need not decide the question whether scienter is a necessary element of the government's burden of proof in a contempt action which might be pursued if a third mailing is made in violation of the judicial enforcement decree. The situation now before us does not present this issue.

■ Appellants' second constitutional contention is that the administrative procedures set up in § 4009 violate due process. An identical argument was re-

---

1. Some of the complainants asked that the names of their minor children under the age of nineteen also be deleted from the lists. 39 U.S.C. § 4009(g).

jected by the Supreme Court in Rowan v. United States Post Office Dept., *supra*, 397 U.S. at 738–739, 90 S.Ct. 1484, where the Court held that the administrative procedures comport with the notice and fair hearing requirements of the Due Process Clause. The actions of the Post Office personnel are merely the predicate for full judicial consideration of the case. Chief Justice Burger, speaking for a court that was unanimous on this point, stated in *Rowan*:

> "It is sufficient that all available defenses, such as proof that no mail was sent, may be presented to a competent tribunal before a contempt finding can be made. See Nickey v. Mississippi, 292 U.S. 393, 396, [54 S.Ct. 743, 78 L.Ed. 1323] (1934)." 397 U.S. at 739, 90 S.Ct. at 1492.

We interpret this to mean that sufficient constitutional safeguards exist under § 4009 because the mailer is entitled to a trial *de novo* on the factual issues. Rowan v. United States Post Office Dept., *supra*, 397 U.S. at 739, n. 6, 90 S. Ct. 1484; cf. Rowan v. United States Post Office Dept., 300 F.Supp. 1036, 1046 (C.D.Cal.1969) (three judge court) (Hufstedler, J., specially concurring).

Aside from constitutional ramifications, the administrative process under § 4009 raises issues which require close scrutiny. The administrative files constitute the entire evidence in all three cases against Commander and Sun West. For the summary judgments against Commander and Sun West, Number One, the issue is whether the administrative files present uncontradicted evidence that there were no genuine issues of fact. In the case of Sun West, Number Two, the issue is whether the administrative files contain evidence which is sufficient to support a judgment for the government.

Before examining the specifics of each complaint, we must consider the contention made in all three appeals that the administrative files contain inadmissible hearsay. The standard of review on this issue is the same in all three cases.[2]

■ There are two types of hearsay in the administrative files. First are markings, notations and memoranda by Post Office personnel describing their own actions, which are clearly within both the business records and the governmental documents exceptions to the hearsay rule. La Porte v. United States, 300 F.2d 878, 880 (9th Cir. 1962).

■ The second type of hearsay consists of householders' statements about mail from Commander and Sun West: initial complaints filled out on Post Office forms (with the advertisements attached) and letters or forms informing the Post Office that second mailings had been received after the prohibitory order. These parts of the files present an issue of first impression for this circuit: Are statements made by private citizens to administrative personnel within the business records exception to the hearsay rule? We hold that, on the facts of these cases, the statements are admissible.

The business records exception requires that the particular record must have been "made in regular course of any business" and that it was "the regular course of such business to make such memorandum or record . . ." 28 U.S.C. § 1732. In deciding whether these elements are present in the instant case, it is relevant to examine the "content and method of preparation of the document sought to be introduced." La Porte v. United States, *supra*, 300 F. 2d at 880. *See* 1 Wigmore on Evidence (3d ed. 1940) § 8a, pp. 248, 249.

Taking first the initial complaints by the private householders, it is apparent that the method by which these statements came into the administrative files is an inherently reliable standard operating procedure. At the time these com-

---

2. Hearsay in an affidavit supporting a motion for summary judgment is determined according to the same principles as an offer of proof at trial. *See* 6 Moore's Federal Practice ¶ 56.22 [1], pp. 2812, 2813.

plaints were filed, the Post Office used two printed forms, one designated POD Form 2150 and the other an unnumbered one. Both refer to the pertinent language of § 4009 and have blank spaces for the complainant's name, address, names of minor children and the name and address of the mailer. One of the two forms was obtained from local post office stations, filled out, signed and sent by each complainant here to the head office of the Post Office Department in Washington, D. C.

By filing his form, each householder asserted that he actually received advertising material and that he found it objectionable under the statute. Because he is the sole judge of what is "sexually provocative" under the statute, we are not concerned with the truth or falsity of this fact. Instead, we are concerned only with the first statement. The reliability of this assertion is an important determinant of whether the method of preparing the administrative files makes them business records.

The source of these records, then, are the complaining persons who acted on their own initiative to notify the Post Office. Such initiative was geared to a specific purpose, a demand that an agency of government perform a service which it is required by law to perform. 39 U.S.C. § 4009. These factors tend to insure that the person complaining did in fact receive the material.

Moreover, these factors distinguish our case from other precedents indicating judicial reticence to allow third party statements into evidence simply because they were made to a public employee. In Johnson v. Lutz, 253 N.Y. 124, 170 N.E. 517, (1930), for example, the New York Court of Appeals held that a policeman's accident report which included statements of bystanders contained inadmissible hearsay. We agree that the courts should not open the evidentiary door to every nosey bystander. However, the complainants' reports in the instant cases come to the courts in a far more legitimate posture. These are parties who ask that their government perform what it is required by law to do. This tends to insure that the method of preparation of these records is inherently reliable.

The same analysis applies to complainants' statements that a second mailing was received after the issuance of the prohibitory order. The circumstances are slightly different in that there are no Post Office forms which were completed and signed. In all of the counts against Commander and Sun West, Number One, the complainants forwarded the objectionable second mailings to the Post Office.[3] We are persuaded that the very act of forwarding the material is reliable indication that the administrative record of this act is within the business records exception.[4]

We conclude that the district judges were correct in their findings that the entire administrative files are admissible as records prepared in the regular course of the Post Office's business, under 28 U.S.C. § 1732.

We now turn to the question whether the administrative files support the judgments. In Sun West, Number Two, the standard of review is whether the trial judgment is based upon sufficient evidence. In Commander and Sun West, Number One, the issue is whether the administrative files[5] presented genuine issues of fact which foreclose summary judgment for the government.

█ Taking first the summary judgments, it is important to note that the

---

3. This included the advertising and the envelope addressed to the complainant. In several counts against Sun West, Number One, the complainant signed somewhere on the envelope and in two counts, the complainant wrote a letter as well. In the one count against Commander, the householder also wrote a letter.

4. The further comments by letter or signature serve merely to bolster the weight to be given the evidence, which does not affect the admissibility.

5. Administrative records are proper exhibits to be appended to motion for summary judgment. Dredge Corp. v. Penny, 338 F.2d 456, 460 (9th Cir. 1964).

district judge was not reviewing the administrative orders merely to determine whether the Post Office had sufficient evidence to support its order; summary judgment is uniquely suited to that kind of limited review with a great deference accorded to such administrative determinations. 6 Moore's Federal Practice ¶ 56.17 [3], p. 2472; *see, e. g.,* Fields v. Hannegan, 82 U.S.App.D.C. 234, 162 F. 2d 17, 18 (1947) (action to enjoin enforcement of Postmaster General's order to cease using the mails for fraudulent purposes). Rather, the jurisdiction of the district court in the instant cases extended, if necessary, to a trial *de novo.* Rowan v. Post Office Dept., *supra,* 397 U.S. at 739, n. 6, 90 S.Ct. 1484; Rowan v. United States Post Office Dept., *supra,* 300 F.Supp. at 1046 (Hufstedler, J., concurring). This distinction is important because the summary judgments here might well have met the first standard but do not meet the latter, as to two of the five counts against Sun West, Number One.

■ Summary judgment is not appropriate where the record, including documents and pleadings, establishes facts which give rise to contradictory inferences, one of which supports the party opposing the motion. Consolidated Electric Co. v. United States, 355 F.2d 437, 439–440 (9th Cir. 1966); Union Insurance Soc. of Canton, Ltd. v. William Gluckin & Co., 353 F.2d 946, 953 (2nd Cir. 1965).

Under § 4009, the government has the burden of proving that a mailing was sent to each complainant more than thirty days after the prohibitory order was served on the mailer. 39 U.S.C. § 4009(c) and (f). This grace period was evidently written into the statute by Congress in order to give the mailer an opportunity to work through the administrative task of deleting the complainant's name from mailing lists.

In the one count against Commander and in two of the five against Sun West, Number One, the mailer used first class mail and the envelopes have postmarks which clearly indicate that the objectionable material was sent after the grace period. As to these counts, the summary judgments are affirmed.

However, in counts one, three and five against Sun West, Number One, the mailer used bulk mail and there are no postmarks on the envelopes. When the complainants in these counts forwarded the second mailings to the Post Office in Washington, D. C., personnel of the department stamped a date received mark on each envelope. However, these marks indicate only when the department received the matter from the complainants. Thus, the date received stamp leaves open the factual questions: how long did the complainants retain the matter before sending it to the Post Office and how long did it take for the forwarded mail to get from the complainants to the Post Office?

In count five, this ambiguity was cured by the fact that the complainant also wrote a letter, wherein he stated that he received the second mailing after the grace period lapsed. As to this count, the summary judgment is affirmed.

■ In counts one and three, however, the complainants merely marked on the envelope a date and either signed or initialed below the date. Again, this is ambiguous. Neither complainant indicated [6] whether the date meant when he received the second mailing or when he was signing the envelope for the purpose of forwarding it to the Post Office. Although it is probable that the complainant dated, signed and forwarded the second mailing very soon after receiving it, this is precisely the kind of factual determination that is not appropriate for decision on motion for sum-

---

6. In count one, the complainant's signature and the date are preceded by writing which is obviously not that of the complainant. It says "Date letter received" and "signature." We are not equipped to speculate as to the source of this writing—a question of fact for the district judge.

mary judgment. Thus, we conclude that counts one and three against Sun West, Number One, must be reversed.

Under the same analysis, the trial judgment in Sun West, Number Two is supported by sufficient evidence. One of the *four counts is based on a* first class mailing with the postmark after the grace period, leaving no doubt as to the violation of the order. The other three counts involve bulk rate mailings in which the date received stamp of the Post Office is all that might help. In each one there was sufficient time lapsed to support the determination by the trier of fact that the complainant forwarded the mail within a short time after receiving it. Therefore, we affirm the district judge's judgment in Sun West, Number Two, on all counts.

Affirmed in part, reversed in part.