Thayne Eric FEGLER, an infant by his
next friend, Harlan D. Fegler,
Appellant (Plaintiff below),

v.

John Edison BRODIE, Appellee
(Defendant below).

No. 4773.

Supreme Court of Wyoming.

Feb. 6, 1978.

John T. Pappas, Vidakovich, Pappas &
Hooper, P. C., Lander, signed the brief and
appeared in oral argument on behalf of the
appellant.

Paul B. Godfrey, Godfrey & Sundahl, Cheyenne, signed the brief and appeared in oral argument on behalf of the appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

RAPER, Justice.

Plaintiff-appellant brought action in the district court seeking to recover money damages from defendant-appellee for injuries received by plaintiff, a two-year old, as he was running across Main Street, Lander, Wyoming, and was struck by defendant's motor vehicle, allegedly because of its negligent operation. The trial judge granted defendant's motion for summary judgment. Plaintiff appeals, presenting the single issue as to whether the trial court erred in the summary allowance of judgment for defendant. We will reverse.

According to a joint statement of facts, required by the court to be submitted for the record, the following is a summary of undisputed facts:

1. On the date of the occurrence, a car driven by the defendant collided with the plaintiff two-year old child. It was a hot, clear summer day during the time of the annual "Crazy Days" sales and celebration in Lander, Wyoming. On that day, the plaintiff's mother, accompanied by her mother-in-law, a four-months old son and the plaintiff, had come to town to shop. After going into various other stores, they went into the J. C. Penney store on the south side of Main Street.

2. Main Street is a four-lane section of State Highway 287 as it passes through downtown Lander. There are two lanes in each direction, separated by a four-foot wide raised concrete median strip, with parking on both sides of the street.

3. While in the Penney store, plaintiff told his mother he wanted a drink of water and disappeared. When his absence was noted, the women went looking for him.

4. At that time the defendant was proceeding alone in his automobile headed east on Main Street, at a rate of five to fifteen miles per hour. One or two car lengths behind was a vehicle driven by one witness Mitchell, accompanied by another named Epperson. As they approached the Penney store vicinity, Mitchell saw a child appear between parallel-parked cars in front of the store and run directly into the right front fender of the defendant's automobile. [See our analysis of the evidence in this regard later in this opinion. The evidentiary fact as here stated may or may not be correct.]

5. According to the defendant, the first thing he knew about the presence of the child was when he heard or felt a bump. He never saw the child until he at once stopped, got out of the car and observed plaintiff lying in the street, behind the right rear bumper.

6. There is some dispute as to whether the right front wheel went over plaintiff but none that the right rear wheel passed over his abdomen. The youngster suffered serious injuries.

7. The plaintiff was wearing a yellow shirt, yellow pants, yellow socks and blue tennis shoes.

8. The accident was investigated by a city police officer, who reported there was nothing wrong with the vehicle; there were no street defects; it was dry, and; the street was 46 feet wide. No contributing circumstances were noted.

9. A witness by the name of Green states that there was another vehicle in the right outside lane of Main Street, also headed east. According to that witness, its rear bumper was even with the defendant's car radiator. Green saw the boy dart in front of the other car, which missed plaintiff by about seven and one-half feet and the right front fender and wheel of defendant then hit plaintiff, throwing him to the south side of the street.

The following do not appear in the joint statement of facts but appear in the record in affidavit or deposition form.

1. When the plaintiff's grandmother was looking for him, as she came out of the Penny's store, she saw him running across the street—"a toddler's run"—going about

as fast as he could for a two-year old. She did not see his collision with the car. All she saw was the "little bright yellow shirt" going into the street.

2. The witness Mitchell said the plaintiff was going "full blast", "full lick" when he hit the car. Mitchell expressed the opinion that he did not know how defendant could have "avoided hitting that little kid."

3. Defendant deposed that there was "worlds" of traffic on the street and big crowds of people up and down the street along with cars parked along the street at the site of the impact.

4. The police diagram showed the impact to be 26.6 feet from the south curb of Main Street.

5. After allowing for the width of parked cars, measurements were taken which indicate the plaintiff ran across an unobstructed portion of the street, 18.5 feet, before being struck.

6. Tests were made, indicating toddlers can run 18.5 feet in 3.5 seconds.

7. Computations show that the defendant could see plaintiff from a starting distance of 77 feet away from where they ran into each other, at 15 miles per hour.

The trial judge's order, after pretrial conference, points out that the plaintiff's specifications of negligence are: "a. Defendant's failure to keep a proper lookout. b. Defendant's failure to give warning as particularly alleged in the complaint." [1] The terminal question then for the trial judge and now us is whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), W.R.C.P.

There are settled hypotheses, now of vintage quality, which lead us by the hand to a settlement of that question. We examine a motion for summary judgment in the same light as the district judge and treat it as though originally before us because we are acting upon the same materials in the record as he had. *Shrum v. Zeltwanger,* Wyo. 1977, 559 P.2d 1384, 1387. We must look at that record from the vantage point most favorable to the party opposing the motion. *Bluejacket v. Carney,* Wyo.1976, 550 P.2d 494. The purpose of a motion for summary judgment is not to decide the facts but only determine if any real issue exists. *Kover v. Hufsmith,* Wyo.1972, 496 P.2d 908.

It is true the evidence in this case is not to any great extent in dispute but the central problem is whether the trial judge is privileged to say, as a matter of law, it demonstrates that the defendant is free of negligence. Has the trial judge encroached upon the function of the jury, which has been demanded?

The defendant was traveling at five to fifteen miles an hour on a street made busy by a local celebration, with much vehicular and pedestrian traffic. A two-year old child, dressed in yellow, going "full blast" for a toddler, comes from between parked cars, across 18.5 feet of street in full view of the defendant for 3.5 seconds, a period during which the defendant would travel some 77 feet, if the computations are correct. The child strikes the front bumper. Is the defendant guilty of negligence?

If that evidence is subject to conflicting interpretations, or reasonable minds might differ as to its significance, summary judgment is improper. 10 Wright and Miller, Fed.Prac. and Proc.: Civil, § 2725, pp. 498, 515. The cases in that reference cited supporting that proposition are in such volume that it is impracticable to catalog them here but we can by way of illustration set out the manner of expression used by some

---

1. The allegations of defendant's acts of negligence as they appear in the complaint are as follows:

 "2. The direct and proximate cause of this accident was the Defendant's negligence in the operation of his automobile; his failure to exercise ordinary and reasonable care, due care or proper care; and, his failure to maintain an alert, attentive and vigilant lookout and/or give warning of his approach in an area and at a time when he knew or should have known that children and other pedestrians may be expected to cross the street."

of the courts which clarify those grounds for denial of summary judgment. "Summary judgment should not be granted where contradictory inferences may be drawn from undisputed evidentiary facts." *United States v. Perry*, 9 Cir. 1970, 431 F.2d 1020, 19 ALR Fed. 537. "Even where the facts bearing upon the issue of negligence are undisputed, * * *, if reasonable minds could reach different conclusions and inferences from such facts, the issue must be submitted to the trier of fact." *Marsden v. Patane*, 5 Cir. 1967, 380 F.2d 489. " 'Evaluative judgment between two rationally possible conclusions from facts cannot be engaged in on summary judgment.' " *Minnis v. International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, U.A.W.*, 8 Cir. 1975, 531 F.2d 850. "Summary judgment is not appropriate where the record, including documents and pleadings, establishes facts which give rise to contradictory inferences, one of which supports the party opposing the motion." *United States v. Lange*, 9 Cir. 1972, 466 F.2d 1021. A question of law arises in a negligence case on summary judgment consideration when only one conclusion can be drawn from uncontested facts; otherwise, it is a question of fact. *Bayman v. Clearwater Power Company, Inc.*, 1976, 15 Wash.App. 566, 550 P.2d 554.

While this court has been on the brink of a statement of the rule, it has not had an opportunity to do so as clearly as here appears, where there is an obvious choice to be decided by a jury. We expressed the rule in *Knudson v. Hilzer*, Wyo.1976, 551 P.2d 680, and then later in *Timmons v. Reed*, Wyo.1977, 569 P.2d 112, but in those cases there were conflicts of evidentiary facts, rather than conflicting inferences from evidentiary facts, not at issue. In *Forbes Company v. MacNeel*, Wyo.1963, 382 P.2d 56, the rule was precisely stated in a summary judgment case but the summary judgment in a negligence case was affirmed on a different ground.

Though not in the posture of summary judgment, as here presented, this court has frequently applied the principle that when fair-minded persons may draw different opinions and draw different conclusions from the facts, the question of negligence or its degree is a question of fact for the jury, when demanded. *Krahn v. La Meres*, 1971, 483 P.2d 522; *Murphy v. Petrolane-Wyoming Gas Service*, Wyo.1970, 468 P.2d 969; *McClure v. Latta*, Wyo.1960, 348 P.2d 1057, *Meredith GMC, Inc. v. Garner*, 1958, 78 Wyo. 396, 328 P.2d 371, 373; ▓▓▓ Negligence, West's Wyoming Digest. On the other hand, if but one inference can be drawn as to whether a party was negligent, only then does the question become one of law. *Holstedt v. Neighbors*, Wyo.1962, 377 P.2d 181; *Cimoli v. Greyhound Corporation*, Wyo.1962, 372 P.2d 170; *Davies v. Dugan*, Wyo.1961, 365 P.2d 198; *O'Mally v. Eagan*, 1931, 43 Wyo. 233, 2 P.2d 1063, 77 A.L.R. 582, reh. den. 43 Wyo. 350, 5 P.2d 276; ▓▓▓ Negligence, West's Wyoming Digest.

We have compared this with all cases this court has decided with respect to darting children and others as well. As can be expected, each has different circumstances. It must be realized that *Feltner v. Bishop*, Wyo.1960, 348 P.2d 548, upon which the defendant so strongly relies, came to this court following trial, when the prevailing party on review is given the benefit of every inference in his favor, a rule of practically ancient standing. *Laramie Rivers Company v. Pioneer Canal Company*, Wyo. 1977, 565 P.2d 1241; ▓▓▓ and 989, Appeal and Error, West's Wyoming Digest. In *Feltner*, the child darted a distance of six feet from behind a parked car to be run into by the defendant there, as compared to a distance of 18.5 feet, here. We have no quarrel with the standards there expressed but they must be applied to the circumstances here and that requires jury evaluation. We are disposed to believe that the facts are capable of more than one inference, much as we are sympathetic with the view that when possible, the agony of trial should be avoided and summary judgment be granted within the scope of its purpose.

In *Iglehart v. Petrossi*, Wyo.1966, 409 P.2d 964, there was a directed verdict for defendant. The eight-year old victim, on

his bicycle, came from behind trees. Defendant, going at about 25 miles per hour, immediately slammed on her brakes when the boy came into sight, sliding the vehicle 32 feet 5 inches. The accident occurred under ordinary traffic conditions, not such as here. The defendant there saw the defendant; here, the defendant did not see. In *Handford v. Cole,* Wyo.1965, 402 P.2d 209, the trial court gave judgment for defendant on directed verdict and this court affirmed. This occurrence was at dusk, but dark enough for lights. The victim stepped from behind a trailer house into the path of defendant's car, confined to a 13- to 15-foot passage, so narrowed by other parked vehicles. This court described plaintiff's evidence as garbled, misleading and confusing.

*Holstedt v. Neighbors, supra,* is a case where a three and one-half year old child was struck and killed by a defendant backing a car in a courtyard where children played. This court reversed a directed verdict for defendant, applying the same standard as to summary judgments, taking the evidence in the light most favorable to the party opposing the motion. Such is probably not a darting child case but did involve the duty to look.

Defendant cites *Anderson v. Harris,* 10 Cir. 1972, 455 F.2d 703, an appeal from the United States District Court of the District of Wyoming. That is not a toddler case, the victim of the accident being old enough for employment in Yellowstone Park. There was a three-day trial and the appellate court pointed out that it need not look for findings and conclusions that would support the appellant's claim that he was not negligent, if facts would support negligence.

■ There is no question but what in this case there is an applicable standard of care, upon which the plaintiff relies and requests jury consideration. In *Chandler v. Dugan,* 1959, 70 Wyo. 439, 251 P.2d 580, it was pointedly said:

"* * * The defendant, under the law, is not permitted to say that he did not see when he could have seen by looking. As this Court has said: 'A person is pre-

sumed to see that which he could see by looking. * * * He will not be permitted to say that he did not see what he must have seen, had he looked.' * * *"

That duty imposed by the law has been stated as well by this court in *Gilliland v. Rhoads,* Wyo.1975, 539 P.2d 1221; *McDowall v. Walters,* Wyo.1961, 360 P.2d 165, 169–170, reh.den., Wyo. 361 P.2d 528, and; *Holstedt v. Neighbors, supra.* Having a duty to look and see carries with it the duty to take steps to avoid the injury of another, if that is possible. The law of negligence is predicated upon that which is required of a reasonable person in the light of all the circumstances. *Hendrickson v. Heinze,* Wyo.1975, 541 P.2d 1133.

■ There are some affiliated questions of evidence presented in connection with the summary judgment presentation on the part of both plaintiff and defendant. The rule, of course, is that affidavits should not contain material which would not be admissible at time of trial. Rule 56(e), W.R.C.P.; *Keller v. Anderson,* Wyo.1976, 554 P.2d 1253; *Newton v. Misner,* Wyo.1967, 423 P.2d 648, appeal after remand, Wyo.1968, 448 P.2d 595.

■ The plaintiff in resisting the motion for summary judgment filed affidavits to establish the speed at which a 2½ year-old toddler of the size, weight and characteristics of plaintiff can run at full speed. Tests were conducted with other youngsters in a similar category. The defendant only says in his brief, with respect to that affidavit, "* * * counsel for the plaintiff elected to produce what amounted to one Affidavit of any value which simply indicated that children could run at a certain rate of speed. This Affidavit in no manner related to a material fact, to-wit: whether the defendant was guilty of negligence." Defendant then proceeded to correctly quote from *Johnson v. Soulis,* Wyo.1975, 542 P.2d 867, pp. 871–872, as follows:

"* * * A material fact has been defined as one having some legal significance, that is, under the law applicable to a given case, it would control in some

way the legal relations of the parties [footnote omitted]; as one upon which the outcome of litigation depends in whole or in part [footnote omitted]; as one on which the controversy may be determined [footnote omitted]; as one which will affect the result or outcome of the case depending upon its resolution [footnote omitted]; and one which constitutes a part of the plaintiff's cause of action or the defendant's defense [footnote omitted]. A fair summary of these definitions is that for purposes of ruling upon a motion for summary judgment a fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action of defense asserted by the parties. Such a fact would necessarily affect the application of the appropriate principle of law to the rights and obligations of the parties. In considering a motion for summary judgment it is appropriate for a court to identify the essential elements of the plaintiff's cause or of the defense asserted, and to then determine the materiality of any fact in the light of whether it will establish or refute one of those essential elements. If it does not have that effect, it would not be a material fact in the controversy, and a genuine issue with respect to that fact, no matter how sharp, would not foreclose the granting of a motion for summary judgment."

We see an inconsistency in defendant's argument. On the one hand, he says the evidence has "value" and, on the other, he says it is not material. We take it, however, that at the trial his objection will be that it is inadmissible because immaterial. We would overrule the objection on that ground. If the speed of a running toddler is about as the affidavit demonstrates, then the defendant may have had time in which to observe the youngster's danger and time in which to stop. The affidavit indicates that if going 15 miles per hour, there were in 3½ seconds 77 feet in which to avoid a collision; if going 10 miles per hour, there were in 3½ seconds 51.33 feet in which to avoid a collision. The tests made under

purportedly similar conditions, the vehicle could be stopped at 15 miles per hour in less than 10 feet and at 10 miles per hour in less than 7 feet. We consider these facts material to a consideration by the jury to its determination of whether negligence was existent. Those facts have "legal significance", and will "affect the outcome * * of the case" and do tend to "establish or refute one of the essential elements", as said in *Johnson v. Soulis, supra.*

Rules 401 and 402 of the Wyoming Rules of Evidence, now in effect, are not inconsistent with the utterances of this court in *Johnson v. Soulis, supra:*

"Rule 401.

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

"Rule 402.

"All relevant evidence is admissible, except as otherwise provided by statute, by these rules, or by other rules prescribed by the Supreme Court. Evidence which is not relevant is not admissible."

 The defendant places emphasis on the statement, along with others of a similar nature, of the witness, Mitchell, heretofore mentioned, when he deposed:

"I would like to say one thing though, so far as I am concerned, I don't know how much bearing this would have on the case, but I don't think there is any way Mr. Brodie could have avoided that accident. In fact, I know he could not have avoided it. There is no way, we were right in back of him and I seen everything that happened, and there is no way he could have avoided hitting that little kid. He might have been able to stop a little sooner, as he got up maybe a couple of more feet, but it would not have had any difference on the shape the little boy was in. There is just no way he could have avoided, I know there was not."

The opinion of fault is patently inadmissible and must be a question rarely raised be-

cause we had some difficulty finding a case so stating, except in very broad terms as foregone. In *Macy v. Billings*, Wyo.1955, 74 Wyo. 404, 289 P.2d 422, a highway patrolman testified that the defendant was the cause of a collision. This court held that to be the ultimate fact to be decided and a witness must not take the place of the jury. See also *Fisher v. Robbins*, 1957, 78 Wyo. 50, 319 P.2d 116. McCormick on Evidence, 2d Ed., HB, § 12, p. 26 sums it up well by stating, "Undoubtedly there is a kind of statement by the witness which amounts to no more than an expression of his general belief as to how the case should be decided * * *. It is believed all courts would exclude such extreme expressions. * *"

■ Defendant places great weight on the fact that plaintiff ran into defendant's right front bumper, the bumper did not run into him. That is drawing a fact pretty close and is undoubtedly a matter to be considered by the jury. Additionally, the evidence is not quite that clear. Defendant relies again upon Mitchell's testimony, which was as follows:

> "* * * I can remember that he ran through the parallel parked cars, and ran right straight into the bumper of Mr. Brodie's car. Then it looked to me like, as I can remember, he hit the bumper and it knocked him down as he ran into the bumper. He rolled, and the first tire hit him and rolled him, then the rear tire hit him and rolled him out from underneath the car. * * *"

The witness Green testified:

> "Q. Are you saying it didn't appear that the front part of the car actually hit the boy?
> "A. I don't believe it did. *I don't know.* I think that it would be more *the right front wheel* and *fender* that *hit him,* the way I saw it." (Emphasis added.)

The jury must assess that testimony. We cannot conclude as clearly as defendant what is meant. The evidence vacillates between the boy hitting the car and the car hitting the boy.

The trial court may wish to give attention to the standards of care owed to children of such tender years and the duty to avoid a collision, such as occurred. We can make no specific holdings in that regard and make the foregoing statement only to provoke consideration of such matter, as the evidence finally unfolds by trial. We wish it made explicit that at this stage of the case before us, we have no predisposition that there was negligence or an absence of negligence by the defendant. That is for the jury to decide upon the basis of all the facts before it at a trial of the case.

Reversed. The summary judgment is vacated and the case remanded for trial setting.

GUTHRIE, C. J., concurs in the result.