ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| GSC Construction, Inc. | ) | ASBCA No. 58747 |
| | ) | |
| Under Contract No. N69450-07-C-1770 | ) | |

APPEARANCES FOR THE APPELLANT: William A. Scott, Esq.
Francis M. Ervin, II, Esq.
Dane J. Sowinski, Esq.
  Rogers Townsend & Thomas, PC
  Charleston, SC

APPEARANCES FOR THE GOVERNMENT: Ronald J. Borro, Esq.
  Navy Chief Trial Attorney
Stephanie Cates-Harman, Esq.
  Assistant Director
Rawn M. James, Jr., Esq.
  Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE PEACOCK
## ON APPELLANT'S MOTION FOR SUMMARY JUDGMENT

This appeal involves a challenge to the Navy's final performance evaluation under the captioned contract to construct a medical clinic. The appeal has been consolidated with two other appeals (ASBCA Nos. 58496 and 58748) involving numerous claim items relating to performance of the contract cumulatively totaling in excess of $4.6 million. ASBCA Nos. 58496 and 58748 are referenced hereinafter collectively as the companion appeals. Appellant moves for summary judgment in ASBCA No. 58747 and the Navy opposes. We deny the motion.

## STATEMENT OF FACTS FOR THE PURPOSES OF THE MOTION

1. The Naval Facilities Engineering Command (NAVFAC) Southeast awarded Contract No. N69450-07-C-1770 to GSC Construction, Inc., (GSC) on 28 December 2006, in the amount of $41,590,506 for the construction of a consolidated medical clinic at the Naval Weapons Station in Goose Creek, South Carolina (R4, tab 11 at 3219, 3221). The contract established an original completion date of 27 January 2009 (R4, tab 11 at 3224). Modification No. P00047 extended the completion date until 21 July 2010 (R4, tab 58 at 3384).

2. NAVFAC prepared a final performance evaluation dated 23 February 2011, indicating that GSC's work was accepted on 6 August 2010. The evaluation rated GSC's overall performance as marginal. Although GSC's performance was rated satisfactory in many areas, it was rated unsatisfactory in five areas and marginal in eight areas. (App. mot., appx. at 18-20)

3. GSC's Vice President, expressed its disagreement with the final evaluation in an 18 March 2011 letter to the contracting officer (CO), alleging various factual and procedural errors (app. mot., appx. at 21-24). The Navy disputes these errors.

4. The CO issued a second final performance evaluation rating GSC's performance marginal on 20 May 2011 adopting the conclusions of the earlier evaluation (supp. R4, tab 216 at 2, 7). There are factual disputes concerning the authorship and significance of certain remarks inserted in the final performance evaluation (supp. R4, tab 216 at 4-7; *see* app. mot., appx. at 3-9, 21; gov't opp'n, ex. A, Fichter decl. ¶ 4).

5. GSC submitted an 18 September 2012 claim to the CO challenging the final performance evaluation. GSC's claim alleged that the final performance evaluation was not performed in accordance with the Federal Acquisition Regulation (FAR) and pertinent NAVFAC Instructions. GSC also maintained that the factual analysis and conclusions in the final performance evaluation were clearly erroneous and arbitrary and capricious because the Navy failed to consider the adverse impact of changes, disputed work, defective specifications, and the Navy's administration of the contract on the contract work and schedule which form the subject matter of the companion appeals. (Supp. R4, tab 214)

6. GSC appealed the deemed denial of its claim by notice of appeal dated 21 June 2013. The Board docketed the appeal as ASBCA No. 58747. The consolidated companion appeals involve claims under the captioned contract totaling in excess of $4,600,000. The claims in ASBCA No. 58496 alone consist of approximately 20 sub-items involving numerous aspects of the work, alleged delays and assertions of entitlement to unabsorbed overhead.

## DECISION

In moving for summary judgment, GSC raises two principal issues: (1) whether the Navy failed to follow applicable regulations, policies, and procedures in preparing its final performance evaluation, and (2) whether the final performance evaluation is inaccurate, clearly erroneous, and arbitrary and capricious (app. mot. at 1).

Summary judgment is only appropriate where the movant establishes that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed. Cir. 1987).

2

The record is replete with genuine issues of material fact which we need only address summarily in denying this motion.

GSC first alleges that the Navy committed procedural violations in the preparation and dissemination of the final performance evaluation. The Navy disputes the alleged violations and contends that, regardless of whether procedural violations occurred, appellant has failed to offer any proof that it was prejudiced as a result thereof. We agree. To prevail, GSC must show that the performance evaluation would have been more favorable but for the purported procedural violations. *Todd Constr., L.P. v. United States*, 656 F.3d 1306, 1316 (Fed. Cir. 2011). Assuming solely for purposes of argument that one or more procedural violations occurred, GSC's motion wholly fails to proffer uncontested facts establishing that the Navy's violations had any substantive adverse impact on the ratings set forth in the performance evaluation.

GSC also alleges that the Navy's final performance evaluation is arbitrary and capricious because it is based on erroneous factual conclusions regarding its performance under the contract (app. mot. at 1, 3, 5, 11), which necessarily requires an examination of the details of GSC's performance that underlie the Navy's adverse ratings. *See Todd Constr.*, 656 F.3d at 1316-17 (complaint challenging negative performance evaluation which alleged that many, but not all, substantial delays were excusable failed to state a claim upon which relief could be granted); *Versar, Inc.*, ASBCA No. 56857 *et al.*, 12-1 BCA ¶ 35,025 at 172,128, *recon. denied*, 12-2 BCA ¶ 35,126 (denying claim challenging negative performance evaluation where contractor's allegations of defective specifications, constructive changes, and breaches of the duties of good faith and fair dealing and to cooperate were unmeritorious). In short, the adequacy and propriety of the evaluation is inextricably intertwined with the plethora of genuine factual issues presented in the related companion appeals. The motion cannot be granted. *Cf., e.g., The Pub. Warehousing Co.*, ASBCA No. 57510, 13 BCA ¶ 35,314 at 173,363 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 160 (1970)).

In the majority of our appeals requiring extensive factual analysis and often involving complex issues and voluminous records, summary disposition is generally inappropriate. Just resolution of disputes involving even ultimately undisputed facts often necessitates fuller development of the evidentiary record in order that facts may be properly organized and analyzed in their proper context and chronology.[1] *See, e.g., Askew v. Hargrave*, 401 U.S. 476, 478-79 (1971); *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 978 F.2d 1318, 1333 (3d Cir. 1992), *cert. denied*, 507 U.S. 988 (1993); *Eby v. Reb Realty, Inc.*, 495 F.2d 646, 648-49 (9th Cir. 1974); *Miller v. General Outdoor Advertising Co.*, 337 F.2d 944, 948 (2d Cir. 1964) (summary judgment "too

---

[1] Moreover, to the extent that the parties in the case of cross-motions are convinced that summary resolution is appropriate, they have the option of submitting their cases for decision on the record pursuant to Rule 11.

3

blunt a weapon" where complex factual and legal issues are present); *S.J. Groves & Sons Co. v. Ohio Turnpike Commission*, 315 F.2d 235, 237-38 (6th Cir. 1963), *cert. denied*, 375 U.S. 824 (1963); *Palmer v. Chamberlin*, 191 F.2d 532, 540 (5th Cir. 1951). Conflicting interpretations and inferences that can be drawn from even undisputed facts are also generally best evaluated on a complete record. *See, e.g., Lighting Fixture & Electric Supply Co. v. Continental Insurance Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969); *S.J. Groves & Sons*, 315 F.2d at 237-38; *Chenette v. Trustees of Iowa College*, 431 F.2d 49, 53 (8th Cir. 1970); *United States v. Lange*, 466 F.2d 1021, 1026 (9th Cir. 1972); *see also Virgil v. Time, Inc.*, 527 F.2d 1122, 1131 (9th Cir. 1975), *cert. denied*, 425 U.S. 998 (1976) (noting the importance of the exercise of judicial discretion in denying summary judgment motion pending development of complete record); *Lind v. UPS, Inc.*, 254 F.3d 1281, 1284 (11th Cir. 2001).

The motion is denied.

Dated:  18 August 2014

ROBERT T. PEACOCK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

4

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58747, Appeal of GSC Construction, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals